# EXHIBIT A

23VECV00545
Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Virginia Keeny
Electronically FILED by Superior Court of California, County of Los Angeles on 02/06/2023 01:30 PM David W. Slayton, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
### UNLIMITED JURISDICTION

| | |
|---|---|
| ANDREW AFABLE, | Case No. |
| Plaintiff, | **COMPLAINT** |
| | **(Amount to exceed $25,000)** |
| vs. | 1. Violation of California Consumer Credit Reporting Agencies Act |
| CARVANA, LLC; BRIDGECREST CREDIT COMPANY, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC.; TRANS UNION LLC; and DOES 1-10, inclusive, | 2. Violation of the Fair Credit Reporting Act |
| | 3. Violation of California's Identity Theft Statute |
| | **JURY DEMANDED** |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the California Civil Code § 1785.25 (a) (hereinafter "CA CCRAA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FCRA"), which regulates the collection, dissemination, and use of consumer information, including consumer credit information, and California's Identity Theft Statute, Cal. Civ. C. § 1798.92 et. seq.

///

## II. PARTIES

2. Plaintiff, ANDREW AFABLE ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h), a "consumer" as defined by 15 U.S.C. §1681a, and a "victim of identity theft" as defined in Cal. Civ. C. § 1798.92(d).

3. At all relevant times herein, Defendant, CARVANA, LLC ("Defendant"), is a company engaged in the online selling of used vehicles. Defendant is an "information furnisher" as the term is used in the CA CCRAA and FCRA. Defendant is a "claimant" who has or purports to have a claim for money in connection with a transaction procured through identity theft under Cal. Civ. C. § 1798.92(a).

4. At all relevant times herein, Defendant, BRIDGECREST CREDIT COMPANY, LLC ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant is an "information furnisher" as the term is used in the CA CCRAA and FCRA. Defendant is a "claimant" who has or purports to have a claim for money in connection with a transaction procured through identity theft under Cal. Civ. C. § 1798.92(a).

5. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (herein after Defendant "EXPERIAN"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

6. Defendant, EQUIFAX INFORMATION SERVICES, LLC. (herein after Defendant "EQUIFAX"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and

Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

7. Defendant, TRANS UNION LLC. (herein after Defendant "TRANS UNION"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

8. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

10. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant also furnished derogatory information on Plaintiff's credit report. Such reporting or furnishing is false, misleading, or incomplete.

11. In or around February of 2022, Plaintiff investigated and determined that he had been the victim of identity theft. He was made aware that his identity was stolen and someone

unknown to him obtained an automobile loan in the amount of $40,354. The vehicle was purchased through CARVANA. The vehicle loan was funded through Bridgeport and the fraudulent amount was reported to EXPERIAN, EQUIFAX and TRANS UNION.

12. In or around March of 2022, Plaintiff filed and obtained a police report relating to the identity theft, to Defendant BRIDGECREST relating to the fraudulent charges.

13. BRIDGECREST responded to Plaintiff's letter by stating that they had completed their investigation and the transaction was valid. Defendant failed to diligently investigate Plaintiff's notification of a possible identity theft, and continued to pursue the debt that had fraudulently been charged against Plaintiff. Thus, Defendant violated Cal. Civ. C. § 1798.93.

14. Plaintiff again contacted Defendant BRIDGECREST and then provided that police report plus supporting documentation in a packet.

15. In response to Plaintiff's identity theft packet, on or around April 19, 2022, Defendant BRIDGECREST found that account was fraudfully originated and submitted updates to the credit reporting agencies including EXPERIAN, EQUIFAX and TRANS UNION.

16. Within a year prior to the filing of this Complaint, Defendant BRIDGECREST sent Plaintiff a collection letter seeking to collect on the fraudulent charges on Plaintiff's account.

17. Additionally, Defendant BRIDGECREST continued to report derogatory information on Plaintiff's credit report.

18. Such reporting or furnishing of consumer information is derogatory as well as false, misleading, or incomplete.

19. Such reporting or furnishing has had a negative effect on Plaintiff's credit score.

20. Defendant is aware that the third parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

21. As a result of Defendants' inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

22. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

23. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

24. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.
   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

27. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

28. Further, Defendants' failed to notify Plaintiff of their intention to report negative information on their credit reports.

29. Within two years prior to the filing of the Complaint, Plaintiff submitted a dispute to the credit reporting agencies pertaining to Defendant's erroneous reporting. Defendants then failed to conduct a reasonable investigation and correct the disputed information within thirty days of Plaintiff's dispute of that information. Defendants EQUIFAX, EXPERIAN and TRANS UNION did not remove the disputed information off Plaintiff's credit report until June 2022.

30. Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

31. As a result of the above violations of the CA CCRAA and FCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

**(As to Defendants CARVANA and BRIDGECREST Only)**

32. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

33. Cal. Civ. Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

34. Defendants negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

35. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

  A. Actual damages;
  B. Statutory damages;
  C. Costs and reasonable attorney's fees; and
  D. For such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (As to CRA Defendants Only)

36. Plaintiff reincorporates by reference all of the preceding paragraphs.

37. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

38. Actual damages;
39. Statutory damages for willful and negligent violations;
40. Costs and reasonable attorney's fees;
41. For such other and further relief as may be just and proper.

### COUNT III: IDENTITY THEFT
### (As to Defendants CARVANA and BRIDGECREST Only)

42. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

43. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d) and Defendant is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

44. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against the DEFENDANT for the following:

 a) Actual damages

b) Punitive Damages;

c) Statutory Damages in an amount up to $30,000;

d) Attorney's fees and costs and,

e) For such other and further relief as may be just and proper

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 6th Day of February, 2023.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff