Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRIT OF CALIFORNIA**

| | |
|---|---|
| ANDREW AFABLE,<br><br>Plaintiff,<br><br>vs.<br><br>CARVANA LLC; BRIDGECREST CREDIT COMPANY.; EXPERIAN INFOMRATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC.; TRANS UNION LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-01780 MFO (RAOx)<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Violation of California Consumer Credit Reporting Agencies Act<br>2. Violation of the Fair Credit Reporting Act<br>3. Violation of California's Identity Theft Statute<br>4. Violation of the Rosenthal Fair Debt Collection Practices Act<br>5. Negligence<br><br>**JURY DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of California Civil Code § 1785.25(a) (hereinafter "CA CCRAA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FCRA"), which regulate the collection, dissemination, and use of consumer information, including consumer credit information, and for violations of California's Identity Theft Statute, Cal. Civ. C. § 1798.92 *et seq.*, and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. C. § 1788, *et seq.*

First Amended Complaint - 1

## II. PARTIES

2. Plaintiff, ANDREW AFABLE ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h), a "consumer" as defined by 15 U.S.C. § 1681a, and a "victim of identity theft" as defined by Cal. Civ. C. § 1798.92(d).

3. At all relevant times herein, Defendant, CARVANA LLC ("CARVANA"), was a company engaged in the online selling of used vehicles.

4. At all relevant times herein, CARVANA was engaged in practices or acts in connection with the collection of consumer debts.

5. At all relevant times herein, CARVANA was a "claimant" who has or purports to have a claim for money in connection with a transaction procured through identity theft under Cal. Civ. C. § 1798.92(a).

6. At all relevant times herein, Defendant, BRIDGECREST CREDIT COMPANY ("BRIDGECREST"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code § 1788.2(f).

7. At all relevant times herein, BRIDGECREST was an "information furnisher" as the term is used in the CA CCRAA and FCRA.

8. At all relevant times herein, BRIDGECREST was a "claimant" who has or purports to have a claim for money in connection with a transaction procured through identity theft under Cal. Civ. C. § 1798.92(a).

9. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

10. EXPERIAN is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and is

First Amended Complaint - 2

therefore a "consumer reporting agency" as the term is defined by the FCRA, 15 U.S.C. § 1681a(f).

11. Defendant, EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX"), is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

12. EQUIFAX is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as the term is defined by the FCRA, 15 U.S.C. § 1681a(f).

13. Defendant, TRANS UNION LLC ("TRANS UNION"), is a "person" as that term is defined by 15 U.S.C. §1681a(b).

14. TRANS UNION is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as the term is defined by the FCRA, 15 U.S.C. § 1681a(f).

15. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

16. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

First Amended Complaint - 3

employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

17. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, BRIDGECREST contacted Plaintiff in an attempt to collect an alleged outstanding debt.

18. During or about February of 2022, Plaintiff discovered that he had been the victim of identity theft.

19. Specifically, Plaintiff learned that someone unknown to him had used his identity to finance the purchase of an automobile from CARVANA.

20. Plaintiff further learned that CARVANA had allowed the identity thief to take possession of the vehicle and had contacted BRIDGECREST to finance the entire cost of the automobile, $40,354.00.

21. On information and belief, CARVANA profited from its facilitation of this fraudulent transaction.

22. CARVANA's conduct in facilitating a fraudulent loan in the amount of $40,354.00, which subsequently appeared on Plaintiff's credit report, constitutes an act or business practice in connection with the collection of a consumer debt.

23. On or about February 13, 2022, BRIDGECREST furnished information regarding the fraudulent vehicle loan to EXPERIAN, EQUIFAX and TRANS UNION, who then reported it on Plaintiff's consumer credit report.

24. On or about March 10, 2022, Plaintiff filed and obtained a copy of a police report relating to the theft of his identity.

25. Plaintiff immediately provided copies of the police report, with a written explanation of his dispute of the fraudulent debt, to BRIDGECREST and CARVANA.

26. Plaintiff also promptly disputed the information appearing on his credit report with EXPERIAN, EQUIFAX, and TRANS UNION.

27. On or about March 14, 2022, Plaintiff received a "Notice of Stored Vehicle and Vehicle Billing Information" regarding the vehicle purchased in his name, which stated that the vehicle had been towed and was being stored by Black & White Towing, Inc. The letter was signed by Ritter Lien Sales, Inc. The letter denoted Plaintiff as the registered owner ("R/O") and CARVANA as the legal owner/lienholder ("L/O").

28. On April 4, 2022, BRIDGECREST responded to Plaintiff's dispute letter by stating in writing that they had completed their investigation and concluded that the account was valid. BRIDGECREST further wrote that Plaintiff was responsible for the loan.

29. Accordingly, BRIDGECREST failed to diligently investigate Plaintiff's notification of a possible identity theft and continued to pursue the debt that had fraudulently been charged against Plaintiff in violation of Cal. Civ. C. § 1798.93.

30. Plaintiff continued to follow up with BRIDGECREST over the ensuing weeks and provided a deluge of documentation supporting his claim of identity theft.

31. In response to Plaintiff's persistent correspondence, on or about April 19, 2022, BRIDGECREST finally found that account was fraudfully originated and notified Plaintiff that it had submitted updates to the credit reporting agencies including EXPERIAN, EQUIFAX and TRANS UNION.

32. Within a year prior to the filing of this Complaint, Defendant BRIDGECREST sent Plaintiff a collection letter seeking to collect on the fraudulent charges on Plaintiff's account.

33. Additionally, Defendant BRIDGECREST continued to report derogatory information on Plaintiff's credit report after it should have known such information was false.

34.     Such reporting or furnishing of consumer information is derogatory as well as false, misleading, or incomplete.

35.     Such reporting or furnishing had a negative effect on Plaintiff's credit score.

36.     BRIDGECREST was aware at all times that the third parties to which they are providing this information will disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

37.     As a direct result of Defendants' conduct, Plaintiff's credit score decreased.

38.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's credit to debt ratio, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

39.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

40.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.
   c. Out of pocket expenses associated with disputing the information;

41.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

42.     At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful,

reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

43. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

44. Within two years prior to the filing of the Complaint, Plaintiff submitted a dispute to each of the credit reporting agencies pertaining to erroneous reporting. EQUIFAX, EXPERIAN, and TRANS UNION then failed to conduct a reasonable reinvestigation and correct the disputed information within thirty days of Plaintiff's dispute of that information.

45. EQUIFAX, EXPERIAN and TRANS UNION did not remove the disputed information off Plaintiff's credit report until over thirty days after Plaintiff's written disputes.

46. BRIDGECREST violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

47. As a result of the above violations of the CA CCRAA and FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### (As to Defendant BRIDGECREST Only)

48. Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

49. Cal. Civ. Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

50. BRIDGECREST negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

51. Based on these violations of Cal. Civ. C. § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant BRIDGECREST for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (As to Defendants EQUIFAX, EXPERIAN, and TRANS UNION Only)

52. Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

53. To the extent that EQUIFAX, EXPERIAN, and TRANS UNION's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants EQUIFAX, EXPERIAN, and TRANS UNION for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as the Court may deem just and proper.

## COUNT III: VIOLATION OF THE CALIFORNIA IDENTITY THEFT STATUTE

### (Against CARVANA and BRIDGECREST Only)

54. Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

55. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

56. CARVANA and BRIDGECREST are each a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

57. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants CARVANA and BRIDGECREST for the following:

    A.    Actual damages;
    B.    Punitive damages;
    C.    Statutory damages in an amount up to $30,000;

D.	Costs and reasonable attorney's fees; and
E.	For such other and further relief as the Court may deem just and proper.

## COUNT IV: VIOLATION OF THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### (Against CARVANA and BRIDGECREST Only)

58.	Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

59.	The RFDCPA, Cal. Civ. C. § 1788.17, mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692d and § 1692d(5).

60.	CARVANA and BRIDGECREST both engaged in acts and practices in connection with the collection of a consumer debt by contributing to the approval, creation, and establishment of an automobile loan in Plaintiff's name.

61.	The conduct of CARVANA and BRIDGECREST as alleged herein violated the RFDCPA in the following ways:

a. Using false, deceptive, and/or misleading representations or means in connection with the collection of the alleged debt (15 U.S.C. § 1692e);

b. Falsely representing the character, amount, and/or legal status of the alleged debt (15 U.S.C. § 1692e(2)(A)); and

c. Collecting an amount where such amount was not permitted by law (15 U.S.C. § 1692f(1)).

62. To the extent that the actions of CARVANA and BRIDGECREST, alleged herein, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants CARVANA and BRIDGECREST for the following:

  A. Actual damages;
  B. Statutory damages pursuant to Cal. Civ. C. 1788.62(a)(2);
  C. Costs and reasonable attorney's fees; and
  D. For such other and further relief as the Court may deem just and proper.

## COUNT V: NEGLIGENCE

### (Against CARVANA Only)

63. Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

64. CARVANA owed a duty of care to Plaintiff to refrain from making inquiries into his credit without his permission and to refrain from disseminating Plaintiff's personal information to auto lenders without his permission.

65. CARVANA knew or should have known that the third party attempting to purchase the automobile has stolen Plaintiff's identity because the personal information they provided on the application was incomplete or incorrect, as demonstrated by the supporting documentation Plaintiff subsequently provided to CARVANA.

66. CARVANA breached its duty of care by failing to realize that the information provided by the third party to had stolen Plaintiff's identity was incomplete or incorrect.

67. CARVANA acted with wanton disregard for Plaintiff's credit. CARVANA knew or should have known that there was a risk of potential

purchasers applying for credit using stolen identities, and CARVANA knew or should have known that it did not have adequate systems or practices in place to prevent the inquiry into, and dissemination of, the credit information of victims of identity theft.

68. As a direct and proximate result of CARVANA's wrongful and negligent breach of its duty of care to Plaintiff, Plaintiff has been injured.

69. The injury and harm suffered by Plaintiff was the reasonably foreseeable result of CARVANA's breach of its duty of care. CARVANA knew or should have known that it was failing to satisfy its duty of care and that its breach would cause Plaintiff to experience the foreseeable harms associated with impermissible hard inquiries into his credit, and having fraudulent loans taken out in his name.

70. As a direct and proximate result of CARVANA's negligent conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants CARVANA for the following:

    A.     Actual damages; and
    B.     For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 29th Day of March, 2023.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# PROOF OF SERVICE

I am employed in Los Angeles, California. I am over the age of 18 and not a party to this action. My business address is 21031 Ventura Blvd., #340, Woodland Hills, CA 91364.

On March 29, 2023, I served true copies of the foregoing document, described as:

FIRST AMENDED COMPLAINT

On the following parties:

SCOTT J. HYMAN sjh@severson.com
GENEVIEVE R. WALSER-JOLLY grw@severson.com
KRISTINA B. HOVSEPYAN  kbh@severson.com
SEVERSON & WERSON, APC
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118
Attorneys for Defendants
BRIDGECREST CREDIT COMPANY, LLC (erroneously sued as Bridgecrest Credit Company) and CARVANA, LLC

THOMAS P. QUINN, JR tquinn@nokesquinn.com
 NOKES & QUINN
410 Broadway, Suite 200
 Laguna Beach, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Attorney for Defendant EQUIFAX INFORMATION SERVICES LLC,

KATE NEBEN Kate.neben@experian.com
Attorney for Defendant EXPERIAN INFOMRATION SOLUTIONS, INC.

Kyle E. Pietrzak kpietrzak@qslwm.com
Quilling Selander Lownds Winslett and Moser PC
6900 North Dallas Parkway Suite 800
Plano, TX 75024
Tel: 214-560-5458
Fax: 214-871-2111
Attorneys for TRANS UNION LLC

///

///

[ X ] **BY EMAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement between parties to accept e-mail or electronic transmission, I caused the document(s) to be sent from email address hburns@toddflaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ] **BY ELECTRONIC CASE FILING**: I filed the submitted document listed above via the court's Electronic Case Filing (ECF) system which provides electronic mail (email) service of the listed document directly to the party listed above to his/her "email address of record."

[ X ] **STATE:** I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed this March 29, 2023, at Murrieta, California.

_____
Heather Burns